Lina Stillman, Esq
Stillman Legal, PC
42 Broadway, 12th Floor
New York, NY 10004
Telephone: (212) 203-2417
Facsimile: (212) 203-9115
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Manuel Ledesma, *on behalf of themselves and others similarly situated,*<br><br>*Plaintiffs*,<br><br>-v-<br><br>A&G DELI GROCERY CORP and Alicia Fernandez, *in their individual and professional capacity,*<br><br>*Defendants*. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**NATURE OF THE ACTION**

1. Plaintiff Manuel Ledesma (collectively "Plaintiff") bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b) in order to remedy Defendants' wrongful withholding of Plaintiffs' lawfully earned wages and overtime compensation. Plaintiff also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*., and Article 19 §§ 650 *et seq*. as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay, and notice and record-keeping requirements.

1

**SUMMARY**

2.     Plaintiff was employed by Defendants, A&G DELI GROCERY and Alicia Fernandez (collectively "Defendants") as a cashier at the Deli and Produce Sections for Defendants' Grocery Store located in the Bronx.

3.     Plaintiffs' job duties included, but were not limited to, receive money from customers as a cashier and help in the produce and deli sections.

4.     The restaurant has a time clock system intended for employees to clock in their hours, which Plaintiff did.

5.     Plaintiff worked long hours exceeding fifty (50) hours per week for Defendants.

6.     Defendants have repeatedly deprived Plaintiff of his lawfully earned wages, overtime and spread-of-hours premium.

7.     The Individual Defendants are associated and are joint employers, act in the interest of each other with respect to Corporate Defendants' employees and have common policies and practices as to wages and hours.

8.     Defendants accepted the benefits of Plaintiffs' labor, and in return Plaintiff received less than what was legally required in compensation.

9.     As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

10.    This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §201 *et seq*. Additionally, this Court also has

supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367.

**Personal Jurisdiction**

11. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

12. Venue is proper in the Southern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

### THE PARTIES

**(Plaintiffs)**

**Manuel Ledesma**

13. Plaintiff Manuel Ledesma ("Ledesma") is an adult individual residing in the state of New York, County of Bronx.

14. Ledesma is a covered employee within the meaning of the FLSA and the NYLL.

15. Ledesma worked for Defendants from July 20, 201 until on or about October 2021.

16. Ledesma was employed at A&G Delivery Grocery a retail food store owned by Defendants, located at 950 E 163rd St, Bronx, NY 10459.

17. Ledesma's duties included but were not limited to being a casher, deli and produce worker.

18. During the period of his employment with Defendants, Ledesma worked six (6)

days per week for nine (9) hours per day, with (15) fifteen-minute daily breaks.

19. Ledesma was scheduled to work from 9 a.m. to 6 p.m. Nevertheless, Ledesma was frequently (almost daily) required to stay working past his shift to attend to customers.

20. Ledesma was compensated at a rate of Five Hundred dollars ($500) per week, irrespective of how many hours he worked per week.

21. In January of 2021 he was paid Six Hundred Dollars ($600) per week.

22. Defendant repeatedly suffered or permitted Ledesma to work over fifty (50) hours per week, which is in excess of the standard forty (40) hours per week, as a food store worker without paying him the appropriate premium overtime pay of one- and one-half times the statutory minimum.

23. Ledesma was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

24. Ledesma was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

25. Upon information and belief, while Defendants employed Ledesma, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Ledesma of such rights.

26. Throughout the duration of his employment, Ledesma did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

27. Ledesma consented in writing to be a party to the FLSA claims in this action,

pursuant to 29 U.S.C. §216(b).

**(Corporate Defendant)**

**A&G DELI GROCERY CORP**

28.  A&G DELI GROCERY CORP ("A&G") is a retail food store.

29.  A&G owns and operates A&G Deli Grocery, a retail food store, located at 950 E 163rd St, Bronx, NY 10459.

30.  At all relevant times, A&G was a covered employer and "an enterprise engaged in commerce" within the meaning of the FLSA and the NYLL.

31.  At all relevant times, A&G maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to them.

32.  Upon information and belief, at all relevant times, A&G's annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendant)**

**Alicia Fernandez**

33.  Upon information and belief, at all relevant times, Alicia Fernandez, ("Fernandez") was, at the time of Plaintiffs' employment, owner, member, and authorized operator, manager, and agent of Corporate Defendants.

34.  At all relevant times throughout Plaintiffs' employment, Fernandez had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedules; and otherwise controlling the terms and conditions of the working conditions for the Plaintiff while

they were employed by Defendants.

35. At all relevant times throughout Plaintiffs' employment, Fernandez was actively involved in the day-to-day operations of the Corporate Defendants.

36. At all relevant times throughout Plaintiffs' employment, Fernandez was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

37. Plaintiff reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

38. At all relevant times, Plaintiff was employee and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

39. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

40. Defendants were required to pay directly to Plaintiff the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

41. Plaintiff worked hours for which they were entitled to be paid a regular hourly rate of pay, but not less than the statutory minimum wage.

42. Defendants failed to pay Plaintiff his earned minimum wages for all hours worked to which he was entitled to under the FLSA.

43. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

44. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

46. Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**

48. Plaintiff reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

49. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

50. Defendants have failed to pay Plaintiff overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one

and one-half times the statutory minimum wage for all of the hours that they worked in excess of fifty (50) hours per workweek.

51. As a result of Defendants' violations of the FLSA, Plaintiff have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

### New York Labor Law – Minimum Wage

52. Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

53. At all relevant times referenced herein, Plaintiff has been employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

54. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

55. From December 31, 2013 to December 30, 2014, the minimum hourly wage in the State of New York was $8.00 and from December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

56. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. Part 146-1.2.

57. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including, but not limited to 12 N.Y.C.R.R. Part 146-1.2.

58. Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

59. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime wages**

60. Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

61. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

62. Defendants have failed to pay Plaintiff proper overtime to which they were entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. Part 146-1.4.

63. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (48) hours per workweek, Defendants have willfully

violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

64. Due to Defendants' violations of the NYLL, Plaintiff are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Notice at the Time of Hiring**

65. Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Defendants have failed to provide Plaintiff, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

67. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000 and statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

### SIXTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Wage Statements**

68. Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

69. Defendants have failed to provide Plaintiff with accurate wage statements listing their rate of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

70. Due to Defendants' violations of the NYLL, Plaintiff are entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seek the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

B. Unpaid minimum wages, tips, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C. Liquidated damages equal to the amount of all late payments received by Plaintiffs, pursuant to 29 U.S.C.A. § 216(b) and 29 C.F.R. § 790.21;

D. Unpaid minimum wages and overtime wages under NYLL an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

E. Liquidated damages equal to the amount of all late payments received by Plaintiff, pursuant to NYLL § 198 (1-a);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

H. An award of front pay, lost compensation, costs and reasonable attorneys' fees, and liquidated damages.

I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       October 21, 2021

Respectfully submitted,

**STILLMAN LEGAL, PC**

By: _____
Lina Stillman, Esq
*Attorneys for Plaintiffs*
42 Broadway, 12th Floor
New York, NY 10004
Tel: 212.203.1417 | Fax: 212.203.9115
Email:  info@stillmanlegalpc.com