

**VIA ECF**
U.S.M.J
Barbara Moses
Southern District of New York

September 8, 2022

Your Honor,

    This firm represents Manuel Ledesma in the above-referenced matter. Plaintiff writes jointly with Defendants to request Court approval of their settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    The letter will provide support for the fair and reasonable settlement sum of $36,500 and will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested attorney fee award of $12,166.00 is also fair and reasonable.

    The Parties have agreed to a Settlement Agreement and General Release for the plaintiff ("the Agreement"), attached hereto as Exhibit A, which resolves all the Plaintiffs' wage and hour claims against Defendants. The Parties have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

    The Agreement is the result of arms-length bargaining between the Parties and reflects a desire to fully and finally settle and compromise all their claims asserted in this case, as outlined more specifically in the attached Agreement. The parties mediated the case with a Southern District mediator and were able to resolve all issues at the remote/video mediation, where all parties participated meaningfully.

    For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

*Ben Sharav, Esq.*

Barbara Moses
Southern District of New York
September 13, 2022
Page 2

### I. Statement of the Case

This is an action for money damages brought by Manuel Ledesma, the named Plaintiff. Plaintiff filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed at Defendant's Grocery store as a clerk and alleged that he worked approximately 20 hours per week of overtime with a salary that did not meet the requirements of the FLSA or NYLL. Defendants were unable to provide pay or time-keeping records but acknowledge that Plaintiff worked some overtime.

The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial. The proposed settlement also represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses.

### II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiff a total sum of $36,500 to settle all their claims. If they were to prove all their claims at trial, the Plaintiffs estimate that they would receive $60,246.00 (See alleged damages calculation chart attached).

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Counsel on both sides engaged in extensive telephone and electronic settlement negotiations after formal discovery and depositions. In addition, they engaged the assistance of a Southern District mediator and were able to resolve all issues at that mediation. Plaintiffs believe that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

Barbara Moses
Southern District of New York
September 13, 2022
Page 3

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Under the settlement, the Plaintiffs' counsel will receive $12,166.00 from the total. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiff retainer agreement, which includes all costs.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. See Castaneda v. My Belly's Playlist LLC. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation).

A brief biography of the attorney who performed billed work in this matter is as follows:

a. Lina Stillman has been practicing law since 2012. Prior to forming Stillman Legal, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation.
Miss Stillman speaks fluent Spanish, Italian and Portuguese and can translate and communicate with all her clients without the need of an interpreter.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and an active Pro Bono Counsel at the Bar Association Clinics.

### **Conclusion**

The plaintiff was appropriately represented by counsel throughout this lawsuit, and the plaintiff's counsel has agreed to the settlement amount based on his express approval after hours-long mediation with a Southern District mediator. Mr. Ledesma received a translated settlement agreement to Spanish and is fully aware of the terms therein.

In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable and that the settlement should be approved. Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,
/s/Lina Stillman

Barbara Moses
Southern District of New York
September 13, 2022
Page 4

Defendants have no disagreement with any of the statements made by Plaintiff's counsel. All aspects of the litigation were conducted at arms' length between counsel for the parties and each side advocated for the interests of their clients. The SDNY-assigned mediator was extremely helpful in getting the sides to reach a settlement at the one mediation session

/S/ Benjamin Sharav