UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/22

| | |
|---|---|
| MANUEL LEDESMA,<br><br>    Plaintiffs,<br><br> -against-<br><br>A & G DELI GROCERY III CORP., et al.,<br><br>    Defendants. | 21-CV-08631 (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge**.

  The Court has received and reviewed the parties' joint letter-motion dated September 22, 2022 (Joint Ltr.) (Dkt. 57), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. 57-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants collectively to pay $36,500, with $24,334 going to plaintiff Ledesma, to settle his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. § 2; Joint Ltr. at 1. The remaining $12,116 will go to plaintiff's counsel to cover their attorneys' fees and costs. Ag. § 2(a)(3); Joint Ltr. at 3. The settlement payment is to be made "within Ninety (90) business days after August 9, 2022," Ag. § 2(a)(1), which by the Court's calculation makes it due no later than December 20, 2022, and the parties are to file their Stipulation of Dismissal with Prejudice within five calendar days thereafter. *Id*. § 6(d).

  The financial terms of the Agreement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, assisted by a neutral mediator, and are fair and reasonable. Plaintiff, who was employed as a clerk in defendants' grocery store, brought claims under the FLSA and NYLL for unpaid overtime wages. *See* Joint Ltr. at 2. The gross settlement payment represents approximately 60.5% of plaintiff's estimated damages of $60,246. *See id.*; Damages Calculation Chart (Dkt. 57-5).[1] The parties agreed to those terms after conducting discovery and after obtaining the assistance of a neutral mediator. Joint Ltr. at 2. The settlement allows all parties to avoid the risks and expenses of proceeding with the litigation, *see id*., including the risk that plaintiff will recover nothing, or substantially less than he sought, at trial. Under these circumstances, and given that defendants were "unable to provide pay or time-keeping records," the Court is satisfied that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

  The non-economic terms of the Agreement are also fair. Plaintiff will release defendants and their affiliates from any and all wage and hour claims, including all claims under the FLSA

---

[1] This figure includes unpaid regular and overtime wages, calculated based on "Plaintiff's recollection" of his hours, as well as $10,000 for defendants' alleged failure to provide accurate wage statements and notices pursuant to NYLL §§ 195(a)(1) and (3), but does not include liquidated damages.

and NYLL, Ag. § 4, and will covenant not to file any action or complaint with the Department of Labor or Equal Employment Opportunity Commission seeking damages for the released claims. Ag. § 5. There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiff's ability to discuss his employment with defendants, this action, or the terms of the settlement.

The proposed attorneys' fee award of $12,166 represents one-third of the gross settlement payment, which is consistent with the contingency agreements that plaintiff signed (Dkt. 57-4) and is approximately 90.4% of counsel's stated lodestar of $13,457.50. *See* Joint Ltr. at 3; Attorney Time Records (Dkt. 57-2). Given the degree of success obtained by counsel in this action, the award is not excessive.

Having carefully reviewed the financial and non-financial terms of the Agreement, I find that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. The parties shall file their Stipulation of Dismissal within five days after the settlement amount is paid.

Dated:  New York, New York
        October 14, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**